## COLCLOUGH *v.* PALMETTO NATIONAL BANK *et al.*

Where a testator devises a life-estate in certain land to one who is also nominated the executor, and such person offers the will for probate, and a caveat is filed by the heirs of the decedent; pending the determination in the court of ordinary of the issue of devisavit vel non, judgment creditors of the devisee of the life-estate have no right to have the land impounded in the hands of a receiver for the purpose of collecting the rents to be applied to the life-tenant's debt in the event the will is probated, even though such debtor be insolvent.

APRIL 16, 1915.

Receivership, etc. Before Judge Park. Greene superior court. October 14, 1914.

*Samuel H. Sibley,* for plaintiff in error.
*Lewis, Davison & Lewis,* contra.

Evans, P. J. Certain judgment creditors of J. M. Colclough filed a petition against him, alleging: They caused executions which had been issued on their judgments to be levied on a life-estate claimed by the defendant in three described tracts of land. The defendant is now offering for probate in the court of ordinary a paper purporting to be the will of his sister, Miss Sallie Colclough, in which he is named as executor and relieved from giving bond, and in which will a devise is made to him of a life-estate interest in the tracts of land levied on. A caveat to the probate of the will has been filed by certain heirs of the decedent, and the issue made thereby is now pending in the court of ordinary. The defendant is old and paralytic, and it is doubtful that his life-estate will continue longer than the present year. The land is in the possession of tenants. After the levy of the executions the defendant, "either individually or as such executor, filed a claim to said land and stopped the sale of the life-estate he claims therein; . . and petitioners charge, on information and belief, that said claim was filed to enable defendant to collect and use the said rents and profits from said land during this year and any subsequent year during which said claim may be pending and said defendant lives." The defendant is insolvent. The prayer is, for a receiver to take charge of the rents, for an accounting of such rents as the defendant may have received, and for process against the defendant "individually and as executor of Miss Sallie Colclough." The petition was amended by alleging that Miss Colclough died in possession of personal property of more than sufficient value to pay any debts which she may have owed at her death. A rule nisi for an interlocutory hearing issued, in response to which the defendant showed cause by demurrer against the appointment of a receiver. The court appointed a receiver as prayed, with direction to rent out the land and account for the rents and profits, in default of the defendant's giving bond in the sum of $250, "conditioned upon his accounting for said rents and profits if his claims to the same be not sustained." Exception is taken to this order.

There can be no doubt that a judgment creditor may pursue the equitable estate of his debtor in a court of equity and have it set apart to the payment of his debt. This equitable remedy is available to a creditor whose judgment debtor is a devisee or legatee, for the purpose of reaching the devise or legacy, to be subjected to the

22

payment of his debt, where the condition of the estate is such that the devisee or legatee may demand that his devise or legacy be turned over to him. Smith's Equitable Remedies of Creditors, § 21; Lang *v.* Brown, 21 Ala. 179 (56 Am. D. 244). But the facts of the instant case do not bring it within the operation of this remedy. The judgment debtor was nominated as executor in his sister's will, and filed an application to have it probated in the court of ordinary. A caveat to the probate of this will was filed by certain heirs of the deceased, and the issue formed by the caveat is still pending. In the paper offered for probate as the last will of Miss Sallie Colclough a life-estate in three tracts of land is devised to the judgment debtor. If the will is probated the debtor will be entitled to receive his devise, but if the caveators prevail the estate of Miss Colclough will be distributed among her heirs at law. Although nominated as executor, the debtor is without power to assent to any devise to himself until the will is admitted to probate. The theory of subjecting the interest of a legatee to the judgment of his creditor is based on the right of the legatee to demand his legacy of the executor. Manifestly a legatee has no such right pending the proceeding to probate the will. Suppose this judgment be allowed to stand, and the will be refused probate; we would have the anomalous situation of a court of equity taking possession of property belonging to the legal heirs of Miss Colclough, to subject it to a life-interest in another person, which has been judicially determined never to have existed. The plaintiffs prayed process and relief against the defendant, both individually and as executor. There is no allegation of the probate of the will in common form; nor do we think that would make any difference, as an executor of a will probated in common form is but a temporary administrator pending the issue of devisavit vel non on application to probate the will in solemn form. Civil Code (1910), § 3883.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*